UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARNER BROS. RECORDS, INC.,
et al.,

      Plaintiffs,

v.                          CASE No. 8:07-CV-625-T-24TGW

DOES 1-14,

      Defendants.

_____

## O R D E R

THIS CAUSE came on to be heard upon the Motion by Defendants John Doe #1 and John Doe #7 to Vacate the Order Authorizing *Ex Parte* Discovery, to Quash the *Ex Parte* Subpoena, and for A Temporary Stay of the *Ex Parte* Subpoena (Doc. 13), and the response thereto (Doc. 16).

In this case an *ex parte* subpoena issued to the University of South Florida ("USF") was authorized by this court to provide the names, addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses of certain users of USF's computer network who matched IP address information that had been obtained. Defendants Does 1 and 7,

represented by counsel, have moved to quash the subpoena. That request will be denied.

The subpoena was issued pursuant to Rule 45, F.R.Civ.P. Since the subpoena commanded production of information, prior notice was required to be given in the manner prescribed by Rule 5(b), F.R.Civ.P. See Rule 45(b)(1), F.R.Civ.P. Rule 5(b), in turn, provides that service may be accomplished by leaving a copy with the clerk of the court, if the person served has no known address. Rule 5(b)(2)(C), F.R.Civ.P. The plaintiffs allege that such service has been accomplished, and there was no argument to the contrary. In addition, a copy of the subpoena was served upon counsel for the defendants. Accordingly, the defendants' challenge to the service of the subpoena is without merit.

The defendants contend that good cause is required for the issuance of the subpoena. However, neither party was able to point to any provision in the rules establishing a good-cause requirement for the issuance of the subpoena. In any event, if there is a good-cause requirement, it has been shown here, because the plaintiffs have demonstrated that they need the

information in an attempt to identify individuals who have allegedly been involved in the misappropriation of hundreds of copyrighted sound recordings.

The plaintiffs think that the IP addresses that they have obtained would lead to the identity of the Doe defendants through the issuance of the subpoena. Counsel for the defendants obtained expert affidavits which point out that this may not be the case. Nevertheless, the plaintiffs have shown good cause to permit them to attempt to locate the identities of the Does through the subpoenaed information. The plaintiffs should not be denied the opportunity to identify the defendants simply because their efforts may prove futile.

The defendants argue that discovery should not have been conducted before the Rule 26, F.R.Civ.P., discovery conference. However, a conference in accordance with Rule 26 cannot be properly conducted without the identity of the defendants, and defendants' counsel refuses to provide that information. Significantly, the only discovery that is being permitted prior to the Rule 26 conference is the production of information

3

that may lead to the identity of the Does. It is reasonable to carry out this very limited discovery before the Rule 26 process begins.

Furthermore, contrary to the defendants' assertion, the information sought is not protected by 20 U.S.C. 1232g. That provision, and its implementing regulations, permit the disclosure of directory information, which includes the student's name, address, telephone number, e-mail address, and similar information that not would be considered harmful or an invasion of privacy if disclosed. 34 C.F.R. 99.3. The information that is requested appears to fall in that category. Moreover, disclosure is authorized to comply with a judicial order or a lawfully issued subpoena. 34 C.F.R. 99.31(a)(9)(*i*). Thus, this Order, as well as the subpoena, authorize the disclosure of the information.

In addition, the subpoena is not overly broad. The subpoena is certainly limited in scope. Moreover, the plaintiffs have shown the need for this information in their attempt to identify the defendants.

It is, therefore, upon consideration

ORDERED:

4

1. That the  Motion by Defendants John Doe #1 and John Doe #7 to Vacate the Order Authorizing *Ex Parte* Discovery, to Quash the *Ex Parte* Subpoena, and for A Temporary Stay of the *Ex Parte* Subpoena (Doc. 13) be, and the same is hereby DENIED.

2. That the University of South Florida shall, within a reasonable time, comply with the subpoena that was served upon it by the plaintiffs.

DONE and ORDERED at Tampa, Florida, this 29 day of November, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

5